## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

BOBBIE Y. LANE                       )
d/b/a CAGED POTENTIAL,       )
                                    )
     Plaintiff,                  )
                                    )
v.                                 )     Case No. 2:12-cv-4219-NKL
                                  )
GEORGE LOMBARDI, et al.,     )
                                  )
     Defendants.             )

## ORDER

Pending before the Court is Plaintiff Bobbie Lane's Motion to Certify Class [Doc. # 4]. For the reasons stated below, the Court GRANTS Plaintiffs' Motion.

## I.    Background

Plaintiff Bobbie Lane owns and operates a publishing company, Caged Potential. This company has published a novel, *So Far from Paradise*, written by Sultan Lane, Plaintiff's cousin and an inmate at the Crossroads Correctional Facility ("Crossroads") in Cameron, Missouri, which is administered by Defendants George Lombardi, Dave Dormire, Mariann Atwell, and the Missouri Department of Corrections ("MODOC"). Defendants are responsible for the operations of MODOC, including adopting, approving, and implementing mail and censorship policies.

Caged Potential received orders for *So Far from Paradise* from nine Crossroads inmates, and mailed copies of the novel to those inmates in November 2010 and January 2011. However, these shipments were seized by staff at Crossroads pursuant to

1

MODOC's Censorship Procedure, IS 13-1.2.  Defendants did not notify Plaintiff as to the seizure and non-delivery of the books.  MODOC's policies do not require that mailroom staff provide notice to publishers and other senders that publications have been seized and not delivered to recipients.

Plaintiff alleges that MODOC's policy not to give notice or the opportunity to appeal to senders regarding censorship decisions deprives senders of due process under the Fourteenth Amendment.  She seeks prospective relief under 42 U.S.C. § 1983 requiring Defendants to provide her and all other distributors of publications notice and opportunity to be heard when material mailed to inmates is censored or withheld. Plaintiff seeks certification of a Class pursuant to Federal Rule of Civil Procedure 23(b)(2), including current and future book publishers, distributors, and authors of written materials who mail books, publications, or other written materials to inmates in prisons operated  by MODOC.

## II.    Discussion

Whether or not to certify a class is generally a matter of the district court's discretion.  *Coley v. Clinton*, 635 F.2d 1364, 1378 (8th Cir. 1980).  In ruling on a motion for class certification, the Court must conduct a two-part analysis.  First, the Court must assess whether the movant has demonstrated that the proposed Class meets the requirements of Rule 23(a).  These requirements are as follows:

1) The class is so numerous that joinder of all members is impracticable;
2) There are questions of law or fact common to the class;
3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4) The representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613, 117 S. Ct. 2231, 2245 (1997).

Secondly, the movant must demonstrate that the proposed class meets the requirements of Rule 23(b). The movant must show that the action:

1) Creates a risk of establishing incompatible standards of conduct through inconsistent adjudications or substantially impair the interests of individuals not party to the litigation;
2) Involves a party opposing the class who acted on grounds that apply to the class generally; or
3) Involves questions of law or fact that are common to class members and that predominate over individual questions, and that a class action is "superior to other methods for fairly and efficiently adjudicating the controversy."

Fed. R. Civ. P. 23(b); *Amchem Products, Inc.*, 521 U.S. at 614, 117 S. Ct. at 2246 (1997).

The movant bears the burden of showing that the Rule 23 requirements have been met. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

**A.      Rule 23(a)**

*1.      Numerosity*

The first requirement of Rule 23 is that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In assessing impracticability, "[i]n addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559-60 (8th Cir. 1982). Joinder of all members may be impracticable where the class includes individuals

3

who may become members in the future, but are currently unidentifiable.  *See, e.g.,*

*Phillips v. Joint Legislative Comm. on Performance & Expenditure Review of State of*

*Miss.*, 637 F.2d 1014, 1022 (5th Cir. 1981) (finding that "joinder of unknown individuals

is certainly impracticable"); *Skinner v. Uphoff*, 209 F.R.D. 484, 488 (D. Wyo. 2002);

*Shariff v. Goord*, 235 F.R.D. 563, 570 (W.D.N.Y. 2006); *Twarog v. Allen*, 2007 WL

2228635 at *5 (M.D. Ala. July 31, 2007).

Plaintiff's proposed Class consists of current and future book publishers,

distributors and authors of written materials who mail books, publications, or other

written materials to inmates incarcerated in prisons operated by MODOC.  This class is

potentially quite large, and includes present as well as future senders of materials.

Joinder of so many individual actors would be impracticable.  Therefore, the numerosity

requirement is met.

### 2. *Commonality*

Defendants argue that Plaintiff's proposed Class members, consisting of

publishers, distributors, and authors, are not similarly situated and so the commonality

requirement is not met.  However, this misstates the commonality requirement.  The issue

is not whether the class members are similarly situated, but whether the action presents

"questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Commonality

is satisfied "when the legal question linking the class members is substantially related to

the resolution of the litigation."  *DeBoer v. Mellon Mortg. Co*., 64 F.3d 1171, 1174 (8th

Cir. 1995) (quoting *Paxton*, 688 F.2d at 561) (internal quotes omitted).  Commonality is

not a heavy burden, but may be satisfied "where the question of law linking the class

4

members is substantially related to the resolution of the litigation even though the individuals are not identically situated." *Paxton*, 688 F.2d at 561 (internal quotes omitted). Regardless of any differences among publishers, distributors, or authors with regards to the interests they have in communicating with prisoners via written materials, Defendants' alleged failure to provide due process protecting the First Amendment right to communicate free of censorship is an issue common across the different groups of actors, and the relief sought is the same. *DeBoer,* 64 F.3d at 1174-75. Therefore, the commonality requirement is satisfied.

### 3. *Typicality*

To meet the typicality requirement, a plaintiff must show that "there are other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.,* 554 F.2d 825, 830 (8th Cir. 1977). The typicality requirement "is generally considered to be satisfied if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." *Paxton*, 688 F.2d at 561-62 (internal quotes omitted). The burden is "fairly easily met so long as other class members have claims similar to the named plaintiff." *Alpern v. UtiliCorp United, Inc*., 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *DeBoer*, 64 F.3d at 1174). Plaintiff's § 1983 claim is based on the same policy and proposed conduct of Defendants as the claims of other senders of written material to prison inmates would be. Accordingly, the typicality requirement is met.

### 4. *Adequacy*

5

The focus of the adequacy requirement is whether "the representative parties will fairly and adequately protect the interests of the class." *U.S. Fid. & Guar. Co. v. Lord*, 585 F.2d 860, 873 (8th Cir. 1978); Fed. R. Civ. P. 23(a)(4). Two factors must be satisfied in this inquiry: "(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *U.S. Fid. & Guar. Co.*, 585 F.2d at 873 (internal quotes omitted). "In the absence of proof to the contrary, courts presume that Class counsel is competent and sufficiently experienced to vigorously prosecute the class action." *Johnson v. W. Pub. Corp.*, 2011 WL 3490187 at \*7 (W.D. Mo. Aug. 9, 2011). Here, Plaintiff's counsel is certainly qualified. Additionally, Plaintiff's claims are not antagonistic to those of the class; rather, in addressing the generally constitutionality of Defendant's lack of a procedure notifying senders of censorship decisions, Plaintiff's claims can only be helpful to other present or future actors attempting to send written materials to inmates.

## B. Rule 23(b)

### 1. Predominance & Superiority

A court may certify a class action if it "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010), and if "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Of central importance "is the issue of whether the defendant's liability to all plaintiffs may be established with common

evidence." *Avritt*, 615 F.3d at 1029. Class action certification is suitable "when the issues involved are common to the class as a whole and when they turn on questions of law applicable in the same manner to each member of the class." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155, 102 S. Ct. 2364, 2369 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 701, 99 S. Ct. 2545, 2557 (1979))(internal quotes omitted). A class action is "an especially appropriate vehicle for civil rights actions" seeking declaratory relief in the prison rights context. *Coley*, 635 F.2d at 1378. In the instant case, Defendants' alleged denial of due process affects all senders of written materials to prisoners. The due process issues are common to the class of current and future senders of written material to inmates, and this constitutional question predominates over any individual factual distinctions. As such, the class action is a superior method of adjudication.

## III.    Conclusion

When certifying a class action the Court "must define the class and the class claims, issues or defenses . . . ." Fed. R. Civ. P. 23(c)(1)(B). For the above stated reasons, the Court finds that class certification is appropriate in this case. Accordingly, Plaintiff's Motion [Doc. # 4] is GRANTED. Pursuant to Fed. R. Civ. P. 23(c), the Court certifies the following class:

> All current and future publishers, distributors, and authors of written materials, who mail books, publications, or other written materials to inmates incarcerated in prisons operated by MODOC.

Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Grant R. Doty and Anthony E. Rothert, of the ACLU of Eastern Missouri, and Stephen Douglas Bonney, of the ACLU of Kansas & Western Missouri, as Class counsel.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  November 8, 2012
Jefferson City, Missouri