## SETTLEMENT AGREEMENT

The parties to this agreement are "All current and future publishers, distributors, and authors of written materials, who mail books, publications, or other written materials to inmates incarcerated in prisons operated by MODOC" (hereinafter "Plaintiff Class") and George Lombardi, Director of the Missouri Department of Corrections, Dave Dormire, Director of the Division of Adult Institutions and Matt Sturm, Director of the Division of Offender Rehabilitative Services, and their successors in office (hereinafter "Defendants").

Plaintiff, Bobbie Y. Lane, d/b/a Caged Potential, filed a Complaint on her own behalf and as representative of the class, *Bobbie Y. Lane d/b/a Caged Potential v. George Lombardi et al.*, W.D. Mo. Case No. 12-4219-CV-C-NKL ("the Lawsuit") alleging, inter alia, that the Missouri Department of Corrections was not providing senders of books and other publications to prisoners with notice of censorship decisions and the opportunity to appeal. On November 15, 2012, the district court granted Plaintiff's motion for preliminary injunction against Defendants.

Plaintiffs enter into this agreement by and through their attorneys, Stephen Douglas Bonney, Anthony E. Rothert, and Grant R. Doty. Defendants enter into this agreement by and through their attorneys,

1

Elizabeth Callahan and Emily A. Dodge, Assistant Attorneys General of the State of Missouri.

For due and good consideration recited herein, the parties agree and state as follows:

1.     **Scope of Agreement.** This Agreement embodies the entire agreement and understanding of the parties with respect to the subject matter contained herein.  The parties hereby declare and represent that no promise, inducement, or agreement not herein expressed has been made, and the parties acknowledge that the terms and conditions of this Agreement are contractual and not a mere recital.

2.     **Non-Admission**.  No actions taken by the parties hereto, or any of them, either previously or in connection with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to any claim or defense asserted on behalf of the parties, or an acknowledgment by any of the parties hereto of any liability to the other parties or to any person for any other claim, demand, or action, all liability being expressly denied by the parties.

3.     **Approval of Class Settlement and Dismissal of Claims.**

The parties hereto stipulate and agree that under Federal Rules of Civil Procedure 23(e) and 41(a)(2) the United States District Court for the Western District of Missouri, Central Division, must approve this Agreement.

The parties stipulate that they will take such steps as are necessary to obtain from that Court an order substantially in the form of Exhibit A hereto approving this Agreement and dismissing the claims of the Plaintiffs in their entirety under Rule 41(a)(2) of the Federal Rules of Civil Procedure with prejudice. Upon the Court's final approval of this Agreement, Plaintiffs shall be deemed to have released all claims against Defendants that were presented in the Lawsuit, and all such claims against the State of Missouri, and any current or former employee of the Missouri Department of Corrections.

4. **Notice to Senders.** Defendants agree to notify senders of books, publications, personal correspondence, pictures, and recorded materials that are censored by the Missouri Department of Corrections of censorship decisions and their opportunity to appeal those decisions as set forth in the procedure attached as Exhibit B to this Agreement, IS 13-1.2 Censorship Procedure. The Notification of Appeal letters that are Attachments C, D and E to the Censorship Procedure will be sent in order to fulfill the Defendants' notice obligations under the terms of this Agreement.

Defendants agree that any future revision to its censorship procedure will maintain a requirement to provide written notification of censorship decisions to senders. Defendants agree to continue to provide such notification to senders. The parties agree that, for a period of five years after

3

the district court's final approval of this Agreement, Plaintiffs' counsel will have the opportunity to review and comment on any proposed change to the procedure for notifying senders of censorship decisions and the appeal process available to them.

5. **Notice to Offenders.** Defendants agree to notify the offenders within its correctional facilities that senders of censored publications, personal correspondence, and pictures will receive notice of censorship decisions.

6. **Release.** Plaintiff Bobbie Y. Lane does hereby release, acquit, and forever discharge Defendants, the State of Missouri, and any employee or former employee of the State of Missouri of all and from any liability, claims, actions, causes of action, demands, rights, damages, cost, interest, loss of service, expenses, and compensation whatsoever, whether or not now known or contemplated, which Plaintiff Lane now has, or which may hereafter accrue, against Defendants, the State of Missouri, and any employee or former employee of the State of Missouri based on or arising out of conditions, incidents, or occurrences taking place before the date of this Agreement that relate to notice, or lack of notice, of censorship decisions and her opportunity to appeal. The remaining Plaintiffs do hereby release all claims against Defendants that were presented in the Lawsuit, which were claims for only prospective relief, and do hereby release all such claims against the State of

Missouri, and any current or former employee of the Missouri Department of Corrections.

7. **Attorney's Fees, Costs and Expenses.** In exchange for the payment of $33,479.45, representing compensation for attorneys' fees and expenses, it is agreed between and among the parties to this Agreement that no party is a "prevailing party" within the meaning of 42 U.S.C. §1988, or any other statute, rule, or other provision of law which is or may be in any way applicable thereto in connection with their representation of any party in the Lawsuit. All other attorneys' fees, costs, and expenses are hereby waived.

8. **Court Costs.** The parties will bear their own court costs.

9. **Non-Assignment.** Plaintiffs hereby represent, acknowledge, and warrant that they have not at any time heretofore, either collectively or individually, assigned to any other person or entity all or any portion of any claim or potential claim whatsoever that they may have, or may have had, against one or more Defendants based on or arising out of the allegations contained in the Lawsuit.

10. **Binding Effect.** The persons signing this Agreement represent that they have the authority to enter into this Agreement on behalf of the respective parties that they represent and that this Agreement shall be binding upon, and inure to the benefit of the heirs, personal representatives, successors, and assigns of the parties hereto.

5

11. **Preparation of Documents**.  This Agreement is the joint work product of the parties hereto and, in the event of any ambiguity herein, no inference shall be drawn against a party by reason of document preparation.

12. **Forum Selection.**     The parties recognize and agree that any action to enforce this Agreement after the dismissal of the Lawsuit must be pursued in the Circuit Court of Cole County, Missouri.

13. **Further Execution.**   Each party hereto shall execute any and all documents as are necessary or desirable to consummate the transactions contemplated hereby.

14. **Execution in Counterparts.**     This Agreement may be executed in two or more counterparts, each of which shall constitute an original instrument and all of which together shall constitute one and the same Agreement.

15. **Governing Law.**This Agreement shall be governed by and construed in accordance with the laws of the State of Missouri.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement in their respective capacities as described below.

6

State of Missouri )
)     ss
County of _____ )

Before me, a notary of public for the State of Missouri, personally appeared Stephen Douglas Bonney, who did upon his oath state that he is an attorney for the Plaintiff Class with respect to the matter set forth in this Agreement, that he is authorized to execute this Agreement on behalf of the Plaintiff Class, and that he executed this Agreement as his free act and deed.


_____
Stephen Douglas Bonney

Subscribed and sworn to before me on this ____ day of March, 2014.


_____
Notary of Public

My commission expires on _____.

7

State of Missouri      )

                             )       ss

County of _____    )

       Before me, a notary of public for the State of Missouri, personally appeared Anthony E. Rothert, who did upon his oath state that he is an attorney for the Plaintiff Class with respect to the matter set forth in this Agreement, that he is authorized to execute this Agreement on behalf of the Plaintiff Class, and that he executed this Agreement as his free act and deed.


_____
Anthony E. Rothert

Subscribed and sworn to before me on this ____ day of March, 2014.



_____
Notary of Public

My commission expires on _____.

8

State of Missouri      )
                          )      ss
County of _____     )

      Before me, a notary of public for the State of Missouri, personally appeared Grant R. Doty, who did upon his oath state that he is an attorney for the Plaintiff Class with respect to the matter set forth in this Agreement, that he is authorized to execute this Agreement on behalf of the Plaintiff Class, and that he executed this Agreement as his free act and deed.

_____
Grant R. Doty

Subscribed and sworn to before me on this ____ day of March, 2014.

_____
Notary of Public

My commission expires on _____.

9

State of Missouri       )
                            )     ss
County of Cole         )

Before me, a notary of public for the State of Missouri, personally appeared Elizabeth Callahan, who did upon her oath state that she is an attorney for the Defendants with respect to the matter set forth in this Agreement, that she is authorized to execute this Agreement on behalf of the Defendants, and that she executed this Agreement as her free act and deed.


_____
Elizabeth Callahan

Subscribed and sworn to before me on this ____ day of March, 2014.


_____
Notary of Public

My commission expires on _____.

10

State of Missouri       )
                           )      ss
County of Cole        )

      Before me, a notary of public for the State of Missouri, personally appeared Emily A. Dodge, who did upon her oath state that she is an attorney for the Defendants with respect to the matter set forth in this Agreement, that she is authorized to execute this Agreement on behalf of the Defendants, and that she executed this Agreement as her free act and deed.


_____
Emily A. Dodge

Subscribed and sworn to before me on this ____ day of March, 2014.


_____
Notary of Public

My commission expires on _____.

11

BOBBIE Y. LANE                     )
d/b/a CAGED POTENTIAL,             )
                                   )
            Plaintiff,             )
                                   )
v.                                 )          Case No. 12-4219-CV-C-NKL
                                   )
GEORGE LOMBARDI, et al.            )
                                   )
            Defendants.            )

## ORDER

Having reviewed the Settlement Agreement, having conducted a
fairness hearing pursuant to Fed. R. Civ. P. 23(e), and having heard the
arguments of plaintiffs' and defendants' counsel, and being fully advised in
the premises, this Court finds that the proposed settlement agreement is fair,
reasonable, and adequate.

On November 8, 2012, this Court certified a class consisting of "All
current and future publishers, distributors, and authors of written materials,
who mail books, publications, or other written materials to inmates
incarcerated in prisons operated by MODOC." On November 15, 2012, this
Court granted plaintiffs' motion for preliminary injunction against
defendants, requiring defendants to notify senders of censorship decisions
and provide them an opportunity to appeal.

**Exhibit A**

This Court further finds that the proposed settlement agreement executed by the attorneys for the parties protects the interests of the members of the class and that the interests of the members of the class would not be prejudiced by the proposed settlement and release.

NOW, THEREFORE, IT IS:

ORDERED that the proposed settlement with defendants by plaintiffs in the manner set forth in the Settlement Agreement is fair, adequate, and reasonable, and the same is hereby authorized and approved; it is further

ORDERED that under Fed. R. 41(a)(2) the claims of the plaintiffs are dismissed in their entirety with prejudice.

DATED: _____

_____
The Honorable Nanette K. Laughrey
United States District Judge

2

IS13-1.2 Censorship Procedure

Effective Date:

Signature on File                                                Signature on File

Dave Dormire, Director                                   Matt Sturm, Director
Division of Adult Institutions                          Division of Offender Rehabilitative Services

I.  **PURPOSE:** It is the policy of the Missouri Department of Corrections to respect and respond to the reading and audio needs and preferences of offenders, consistent with the security needs and good order of the department's facilities and offices, public safety and security of correctional facilities and the public in maintaining and achieving the rehabilitative goals set for the offender. This procedure is established to ensure consistency in the censorship of correspondence, printed and recorded materials and pictures received by offenders, sent by offenders or found in possession of offenders throughout the correctional facilities. Censorship plays an important part in maintaining the safety and security of correctional facilities and the public and in maintaining and achieving the rehabilitative goals set for the offender.

    A.  **AUTHORITY:**    Sections 217.175 and 217.275 RSMo

    B.  **APPLICABILITY:**    Department staff members at any facility or institution under the jurisdiction of the division of adult institutions or the division of offender rehabilitative services. The chief administrative officer or designee of any facility housing offenders under the jurisdiction of the division of adult institutions or the division of offender rehabilitative services will develop standard operating procedures based on the guidelines established herein.

    C.  **SCOPE:**    Nothing in this procedure is intended to give a protected liberty interest to any offender. This procedure is intended to guide staff members' actions.

II.  **DEFINITIONS:**

    A.  **Censorship Committee:**  A group, established by the chief administrative officer (CAO), consisting of at least 2 supervisory level staff members that may review incoming, outgoing and impounded items to determine whether they meet the guidelines of this procedure.

    B.  **Censorship:**    The withholding of an otherwise permissible item of correspondence, written or recorded material or picture.

    C.  **Chief Administrative Officer (CAO):** The highest ranking individual at the worksite, as designated below. Exception: Staff at the worksite who do not report to the worksite CAO will be accountable to the deputy or assistant division directors or central office section heads who are in their chain of command.

        1.  Director's Office

            a.  Deputy Department Director

        2.  Department Sections in the Director's Office

            a.  Deputy Department Director

**Exhibit B**

    b.   Central Office Section Heads

3.   Division of Probation and Parole

    a.   Division Director or designee
    b.   Chief State Supervisor
    c.   Assistant Division Director or designee
    d.   Regional Administrator
    e.   Superintendents
    f.   Field Service Administrators
    g.   District Administrators

4.   Division of Adult Institutions

    a.   Division Director or designee
    b.   Deputy Division Director or designee
    c.   Assistant to the Division Director or designee
    d.   Wardens

5.   Division of Offender Rehabilitative Services

    a.   Division Director or designee
    b.   Assistant Division Director or designee
    c.   Wardens
    d.   Central Office Section Heads

6.   Division of Human Services

    a.   Division Director or designee
    b.   Central Office Section Heads
    c.   Regional Training Administrators

**D.** **Contraband:** Any unauthorized article, item, or substance.

**E.** **Depicts:** Represents in a picture.

**F.** **Describes:** Represents in words.

**G.** **Nude Picture:** Any picture showing the human male or female genitals, totally nude buttocks, pubic area or any part of the female nipple including the following:

1.   Any picture that appears to be of a child, male or female, that is bare-chested will be considered a nude picture.

2.   Any pictorial depiction with less than a fully opaque covering is considered a nude picture. Opaque refers to something impervious to the passage of light or not transparent and that cannot be removed or made transparent by the viewer.

3.   Any picture displaying g-string or thong style apparel will be considered a nude picture.

4.   Pictures in a magazine or other publication of general circulation shall not be considered a nude picture.

5. Computer generated pictures or pictures that appear to be from the Internet will be considered nude pictures.

**H. Personal Correspondence:** Any written form of communication to or from an offender, including but not limited to letters, notes, postcards and greeting cards, but not including publications or pictures.

**I. Picture:** Any visual representation of, for example, a person(s), object or scene, including but not limited to photographs, drawings, cartoons, sketches, computer generated images, or pictures that appear to be from the Internet. A picture must not have any writing contained thereon, other than identifying information, including but not limited to name, location, and date of birth.

**J. Printed Materials:** All or any portion of books, booklets, magazines, catalogues, newspapers, periodicals, circulars, brochures, flyers, pamphlets, manuals, and comic books, whether originals or photocopies.

**K. Privileged Mail:** Mail being sent to, or received from, consulates, judges, attorneys, courts, elected and appointed state officials, sheriffs, chief administrative officers, associates/assistants and central office sections heads.

1. Mail received from privileged categories will be determined by the return address on the envelope.

   a. This does not include mail between offender counsel substitutes, offender library aides and offenders and their offender codefendants, candidates not elected as police chiefs and other law enforcement agency personnel.

**L. Probable Cause:** When there is physical evidence or trustworthy information which would support a determination that any inappropriate written material or other inappropriate materials are concealed.

**M. Publication:** Any printed material that is published and made available for commercial purposes.

**N. Reasonable Suspicion:** When the observations, experience, training and education of a person causes a determination to be made that inappropriate materials are concealed.

**O. Recorded Materials:** Including, but not limited to, compact discs, audio tapes and cassette tapes.

**P. Sexually Explicit Materials:** Items which by their nature or content pose a threat or are detrimental to the security, good order or discipline of the institution, offender rehabilitation, or facilitate criminal activity, including, but not limited to the following that depicts or describes:

1. explicit sex acts, sadistic sex acts, or sex acts in violation of state or federal law. This includes, but is not limited to, intercourse, sodomy, fellatio, cunnilingus or masturbation,

2. sex acts where one participant appears to be non-consenting,

3. sex acts where one participant appears to be forceful, threatening, or violent,

4. sex acts where one participant is dominating another,

5. sex acts where one participant is degraded or humiliated,

6. sex acts or behaviors where one participant appears to be a child,

7. sex acts where penetration is visible,

8. any bodily excretory function (defecation, ejaculation or urination), and

9. bondage, sadomasochistic behavior (sexual gratification by inflicting or submitting to physical or emotional abuse) or bestiality (sexual relations between a human and an animal).

   Sexually explicit material does not include material of a news or informational type, or material illustrative of medical, scientific, artistic, religious, educational, or anthropological content.

**Q. Violence:** Written threats to harm others, any description of criminal violence, or photos of violence that would cause a reasonable person to believe reading or seeing these items could provoke an individual to cause harm to others.

## III. PROCEDURES:

A. CENSORED PUBLICATIONS, RECORDED MATERIALS, PERSONAL CORRESPONDENCE AND PICTURES:

1. Publications, recorded materials, personal correspondence, and pictures received in the mail, being sent out via the mail, or impounded during a search shall be reviewed in the manner described in this procedure. Institutional staff members shall clearly mark the page(s) that violate censorship guidelines and explain the basis for the censorship determination.

2. Publications: The censorship committee shall review each questionable publication.

   a. Sender Appeal

      (1) The censorship committee shall provide a recommendation to their deputy division director on whether the publication should be censored. The censorship committee will clearly mark the page(s) it believes violate censorship guidelines and explain the basis for the censorship recommendation.

      (2) The deputy division directors will review the publication and make a majority decision regarding censorship.

      (3) If the deputy division directors determine the publication should be censored, a deputy division director will send the Notification of Appeal letter or Notification of Appeal letter – Mass Publications to the sender/publisher.

         (i) The sender/publisher will have 30 days from the date of the Notification of Appeal letter to submit a written appeal to the division director or designee of equal or higher ranking.

         (ii) The division director or a designee of equal or higher ranking will respond to the appeal within 30 days of receipt of the appeal letter.

      (4) A deputy division director will advise the CAOs of the decision and the basis for the censorship determination.

   b. Offender Notice

      (1) If the publication is not permitted, the committee should complete a censorship notification form and covenant not to sue form.

    (2) A unit staff member will provide the forms to the offender. After witnessing and obtaining the offender's signature on the covenant not to sue form, unit staff will sign the form on the witness signature and title line, date the form and place the original in the offender's classification file.

        (i) Distribution and retention of forms will be in accordance with the Division of Adult Institutions Record Retention Schedule - Institutional Use.

    (3) A copy of the covenant not to sue form will be placed on the top of the item and attached securely with a staple.

        (i) Memos are not required unless specific information needs to be included to explain the basis for the censorship determination.

    (4) If the offender signs the covenant not to sue form, the offender will be permitted to have the censored item sent out of the institution 45 days from the date of the Notification of Appeal letter in accordance with institutional services procedures regarding offender property control procedures.

        (i) This allows the sender/publisher an opportunity to appeal the decision to censor to the division director or designee of equal or higher ranking.

        (ii) If the censored item contains evidence of a crime or creates a specific safety or security risk to the institution, the item should be impounded and held as evidence in accordance with institutional services procedures regarding impoundment and confiscation procedures.

  c. Offender Appeal

    (1) If the offender disagrees with the determination of the censorship committee, the offender may have the determination reviewed in accordance with departmental procedures regarding offender grievances.

  d. The censorship of an issue of a publication may not be relied upon to support an exclusion of a subsequent issue.

    (1) For example, if the January issue of XYZ magazine is censored, this censorship determination may not be used to justify the censorship of the February issue of XYZ. Each separate edition must be evaluated independently in accordance with this procedure.

3. Recorded materials: Due to the time and burden of reviewing recorded materials, staff members are not required to listen to recorded materials to determine if the recorded material meets the specifications contained in this procedure.

  a. Staff members should use current available resources to determine if the contents of the recorded materials are acceptable.

  b. Current available resources include, but are not limited to:

    (1) All recordings with a parental advisory warning, or similar designation, shall be censored.

    (2) Printed materials included with the recorded materials such as cover art, song lyrics, etc.

(3) Internet web sites which provide the lyrics or a rating for the recorded material.

c.  Questionable recorded materials shall be reviewed by the censorship committee.

d.  Sender Appeal

   (1) If the recorded material is not permitted by the censorship committee, the highest-ranking censorship committee member will complete and send the Notification of Appeal letter – Personal Correspondence/Recorded Materials to the sender.

   (2) The sender will have 30 days from the date of the Notification of Appeal letter to submit a written request for an independent review of the committee's determination by the CAO.

   (3) The CAO will respond to the request for independent review within 30 calendar days from the date of receipt.

   (4) The CAO's decision regarding censorship shall be final.

e.  Offender Notice

   (1) If the recorded material is not permitted, the committee should complete a censorship notification form and covenant not to sue form.

   (2) A unit staff member will provide the forms to the offender. After witnessing and obtaining the offender's signature on the covenant not to sue form, unit staff will sign the form on the witness signature and title line, date the form and place the original in the offender's classification file.

      (i) Distribution and retention of forms will be in accordance with the Division of Adult Institutions Record Retention Schedule - Institutional Use.

   (3) A copy of the covenant not to sue form will be placed on the top of the item and attached securely.

      (i) Memos are not required unless specific information needs to be included to explain the basis for the censorship determination.

   (4) If the offender signs the covenant not to sue form, the offender will be permitted to have the censored item sent out of the institution 45 days from the date of the Notification of Appeal letter in accordance with institutional services procedures regarding offender property control procedures.

      (i) This allows the sender/publisher an opportunity to appeal the decision to censor to the CAO.

      (ii) If the censored item contains evidence of a crime or creates a specific safety or security risk to the institution, the item should be impounded and held as evidence in accordance with institutional services procedures regarding impoundment and confiscation procedures.

f.  Offender Appeal

(1) If the offender disagrees with the determination of the censorship committee, the offender may have the determination reviewed in accordance with departmental procedures regarding offender grievances.

4. Personal Correspondence: The censorship committee may review all questionable personal correspondence.

    a. Sender Appeal

        (1) If the personal correspondence is not permitted by the censorship committee, the highest-ranking censorship committee member will complete the Notification of Appeal letter – Personal Correspondence/Recorded Materials and deliver it to the sender.

            (i) A sender appeal will not occur if the sender is incarcerated in the Missouri Department of Corrections.

        (2) The sender will have 30 days from the date of the Notification of Appeal letter to submit a written request for an independent review of the committee's determination by the CAO.

        (3) The CAO will respond to the request for independent review within 30 calendar days from the date of receipt.

        (4) The CAO's decision regarding censorship shall be final.

    b. Offender Notice

        (1) If the personal correspondence is not permitted, the committee should complete a censorship notification form and covenant not to sue form.

        (2) A unit staff member will provide the forms to the offender. After witnessing and obtaining the offender's signature on the covenant not to sue form, unit staff will sign the form on the witness signature and title line, date the form and place the original in the offender's classification file.

            (i) Distribution and retention of forms will be in accordance with the Division of Adult Institutions Record Retention Schedule - Institutional Use.

        (3) A copy of the covenant not to sue form will be placed on the top of the item and attached securely with a staple.

            (i) Memos are not required unless specific information needs to be included to explain the basis for the censorship determination.

        (4) If the offender signs the covenant not to sue form, the offender will be permitted to have the censored item sent out of the institution 45 days from the date of the Notification of Appeal letter in accordance with institutional services procedures regarding offender property control procedures.

            (i) This allows the sender an opportunity to appeal the decision to censor to the CAO.

            (ii) If the censored item contains evidence of a crime or creates a specific safety or security risk to the institution, the item should be impounded and held as evidence in accordance

with institutional services procedures regarding impoundment and confiscation procedures.

    c.   Offender Appeal

        (1)  If the offender disagrees with the determination of the censorship committee, the offender may have the determination reviewed in accordance with departmental procedures regarding offender grievances.

5.   <u>Pictures</u>: Pictures may be sent to an offender if no other type of material is enclosed in the same envelope and will be reviewed in accordance with this procedure's general censorship guidelines. If a picture is censored, the procedures described above in Sender Appeal, Offender Notice and Offender Appeal shall be followed.

6.   Other questionable materials may be reviewed by the censorship committee. If an item is censored, the procedures described above in Offender Notice and Offender Appeal shall be followed, except that the censored item is not required to be held for 45 days.

B.  GENERAL CENSORSHIP GUIDELINES:

1.   Offenders shall not be allowed to possess any item which is prohibited by this procedure.

2.   Offenders will be permitted uninterrupted publications, printed or recorded materials, personal correspondence or pictures as long as the publications, printed or recorded materials, personal correspondence or pictures:

    a.   pose no threat to the safety and security of the institution, public officials, offenders, or the general public;

    b.   do not hinder the rehabilitation of an offender;

    c.   are not being used to further illegal or deceptive activities; and

    d.   meet all other specifications contained in this procedure.

3.   Publications, printed or recorded materials, personal correspondence and pictures may not be rejected because:

    a.   the content is religious, philosophical, social, sexual, political or is unpopular or repugnant; or

    b.   the content is critical of the institution, staff or state and federal government.

        (1)  All publications, printed or recorded materials, personal correspondence and pictures will be reviewed on a case by case basis.

4.   If there is probable cause to believe that an offender is using the mail to engage in an unauthorized business enterprise or to defraud a member of the public:

    a.   the facts that led to that conclusion should be documented and a direct order should be given to the offender to discontinue that practice and

    b.   an investigation shall be conducted and the offender referred for prosecution if appropriate.

5. Offenders will not be reimbursed by the department for materials that are censored.

6. An offender's particular rehabilitation needs may be taken into account when censoring any outgoing, incoming or impounded publications, printed or recorded materials, personal correspondence or pictures.

C. INCOMING PUBLICATIONS, PERSONAL CORRESPONDENCE, PRINTED MATERIALS, PICTURES AND RECORDED MATERIALS:

1. Offenders are prohibited from receiving personal correspondence, publications, printed or recorded materials, or pictures that:

   a. constitute a threat to the security, good order or discipline of the institution,

   b. may facilitate or encourage criminal activity,

   c. may interfere with the rehabilitation of an offender.

2. Personal correspondence, publications, printed or recorded materials or pictures are subject to being censored in compliance with this procedure if the item:

   a. promotes, incites, or advocates violence, disorder or the violation of state or federal law, or advocates, facilitates or otherwise presents a risk of lawlessness, violence, anarchy or rebellion against a governmental authority,

   b. provides technical information on the design, construction, or use of an instrument or device which could endanger institutional security or safety; such as:

      (1) methods for constructing or using weapons, ammunition, bombs, or incendiary devices,

      (2) schematics or information on how a gun or a weapon is built, or

      (3) displays someone being threatened by a firearm.

      NOTE: Materials or pictures which simply display firearms are not prohibited.

   c. provides information on how to obtain prohibited publications or provides information on how to order unauthorized items or contraband, such as mail order catalogues,

   d. are so radically inflammatory as to be reasonably likely to cause violence,

   e. contains information which can be used to instill violence or hatred among the offender population,

   f. portrays, encourages, or describes methods of escape from a correctional facility including:

      (1) blueprints, drawings, or other similar detailed descriptions of correctional institutions, courthouses, and medical care facilities, and detailed roadmaps or railway maps of Missouri and any states contiguous to Missouri.

   g. portrays or describes recipes or processes for brewing alcoholic beverages or manufacturing drugs or poison, or that describes how to abuse prescribed medication,

h.  are or appear to be written or recorded in code or a language that staff are unable to interpret with current available resources,

i.  depicts, describes or encourages activities which may lead to the use of physical violence or group disruption,

    (1) Sign language or style of dress alone (in the absence of other material that supports, incites, or advocates any type of illegal gang activity) will not be the cause of censorship.

    (2) Pictures containing sign language or dress can be copied and copies sent to the gang task force committee for tracking purposes; however, the original pictures should be delivered to the offender.

j.  encourages or instructs in the commission of criminal activity,

k.  contains personal information about a staff member or any member of the staff member's family, unless it is approved by the CAO,

l.  contains unauthorized free items or items that pose a threat to safety and security of the institution, unless they are within publications,

    (1) Reading materials such as books, magazines, brochures, newspapers, etc. will not be considered free items for the purpose of this procedure.

    (2) Free items consisting of calendars are subject to each institution's restrictions on the size of calendars and whether such items are available for purchase in the facility's canteen.

    (3) Free items consisting of posters are allowed as long as they remain inside the magazine (there is no size restriction since the poster will remain inside the magazine).

    (4) Unauthorized free items contained in publications shall be removed and discarded as long as the publication is not otherwise subject to being censored pursuant to this procedure. If the publication is not censored, the publication will be given to the offender once the unauthorized free items are removed and discarded.

    (5) Fold-over perfume or cologne samples are not considered free unauthorized items because they do not pose a threat to the safety or security of the institution and are not available for sale in the institution canteen.

        (A) Publications containing these types of samples may be given to the offenders as long as the publication is not otherwise subject to being censored pursuant to this procedure.

m.  recorded materials that have an affixed parental advisory label including explicit content,

n.  consists of threats of physical harm to any person or threats of criminal activity,

o.  contains or concerns sending contraband within, into or out of the institution,

p.  advocates or promotes role-playing or similar fantasy games,

q.  depicts or describes information detrimental to the offender's rehabilitation,

(1) An explanation must be provided as to the reason why the particular personal correspondence, written or recorded material, or picture is detrimental to the offender's rehabilitation.

r.  contains detailed instructions of wrestling maneuvers, boxing maneuvers, self-defense maneuvers, or the martial arts, such as judo, karate, aikido, kendo, kung fu, or similar types of techniques,

s.  contains depictions or drawings of tattoos that can be reproduced,

t.  contains inappropriate sexual behavior, sexually explicit materials and pictures as defined in the definitions of this procedure for nude pictures and explicit materials and pictures,

u.  encourages or instructs on gambling activities or contains gambling paraphernalia, or

v.  contains information on how to defeat or disable computer or network security.

D.  OUTGOING CORRESPONDENCE:

1.  Offenders are prohibited from sending correspondence that constitute a threat to the security, good order, or discipline of the institution, may facilitate or encourage criminal activity, or may interfere with the rehabilitation of the offender.

2.  The following correspondence poses such a risk and are subject to being censored when the correspondence:

a.  contains an escape plot or any other clear threats to the institution,

b.  is sent to a victim of any criminal offense for which the offender is serving a sentence unless approved by the CAO,

c.  is sent to any person whom the offender is restrained from writing by a court order,

d.  is sent to any person who has requested in writing that the offender not correspond with them,

(1) This shall also include children under the age of 18 when the parent or guardian of the child has requested in writing that the offender not be allowed to correspond with the child.

e.  concerns transporting contraband within, into, or out of the institution,

f.  contains plans for criminal activity,

g.  is written in code or in a language that staff is unable to interpret with current resources,

h.  contains threats to the safety or security of staff, other offenders, or the public,

i.  contains information which if communicated would create a danger of physical violence or harm to any person,

j.  contains threats, derogatory, or personal attacks against any person,

k.  solicits, claims, or demands gifts, goods, or money by false statements, threats, intimidation or extortion from another person or firm, or

l.  is detrimental to the offender's rehabilitation.

(1) An explanation must be provided as to the reason(s) why the particular correspondence, is detrimental to the offender's rehabilitation.

E. DISPOSAL OF CENSORED CORRESPONDENCE, PRINTED OR RECORDED MATERIALS AND PICTURES:

    1. All incoming correspondence, printed or recorded materials, and pictures shall be disposed of in accordance with institutional services procedures regarding offender property and control procedures after any grievances and/or court actions are final.

    2. If the censored items contains evidence of a crime or creates a specific safety or security risk to the institution, the item should be impounded and held as evidence in accordance with institutional services procedures regarding offender property and control.

    3. Any outgoing correspondence that is censored shall be disposed of in accordance with institutional services procedures regarding offender property and control after any grievances and/or court proceedings are final.

## IV. REFERENCES

A. 931-3474  Covenant Not to Sue
B. 931-3485  Censorship Notification
C. Notification of Appeal Letter
D. Notification of Appeal Letter – Mass Publications
E. Notification of Appeal Letter – Personal Correspondence, Pictures & Recorded Materials
F. D1-8.1 Criminal Investigation Unit Responsibilities and Actions
G. D1-11.3    Record Retention
H. D5-3.2    Offender Grievances
I. IS13-1.1    Offender Mail Procedures
J. IS22-1-1    Offender Property and Control Procedures

## V. HISTORY:
This procedure previously contained in Division Rule 118.010 Offender Mail and Telephone Calls. Original effective November 1, 1980; revised June 15, 1984 and November 19, 1984 and within IS13-3.1 Offender Mail. Original effective date February 17, 1989: revised July 15, 1991, June 1, 1992, October 15, 1992, April 1, 1995, June 17, 2002, May 11, 2003, February 7, 2005, June 20, 2005, December 30, 2005, January 30, 2006 and May 1, 2006.

A. Original Effective Date:    December 17, 2009
B. Revised Effective Date:    February 1, 2010
C. Revised Effective Date:    January 1, 2011

**Jeremiah W. (Jay) Nixon**
Governor

**George A. Lombardi**
Director



2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099
TDD Available

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

(Date)


(Sender Name)
(Sender Address)

Dear (Sender):

The Censorship Committee has reviewed material sent to (offender name/DOC #) who is currently confined in (institution). The Committee has determined the material identified on the enclosed censorship notification form is prohibited from being delivered within the institution for the reason(s) indicated on the form. If you desire, you may request an independent review of the determination by the Director of the Division of Adult Institutions. This request must be made in writing and should state any reasons why you disagree with the determination. The request can be mailed or faxed to the DAI Director at the address or facsimile number indicated below. Your request must be received by the DAI Director no later than thirty (30) calendar days following the date of this letter in order to be considered. The DAI Director's response will be the final decision and will be made within 30 days.

DAI Director
Department of Corrections
2729 Plaza Drive
Jefferson City, Missouri 65109
Fax Number: (573) 526-4254

Sincerely,


(Deputy Division Director)
Deputy Division Director
Division of Adult Institutions

**Attachment C**

**Jeremiah W. (Jay) Nixon**
Governor

**George A. Lombardi**
Director



2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099
TDD Available

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

(Date)

(Sender Name)
(Sender Address)

Dear (Sender):

The Missouri Department of Corrections has reviewed the_____ (month, year) issue of _____ (publication) sent to multiple offenders at various Department correctional facilities. This issue has been censored due to its _____ content, and has been prohibited from being delivered within the relevant facilities.

If you desire, you may request an independent review of the determination by the Director of the Division of Adult Institutions. This request must be made in writing and should state any reasons why you disagree with the determination. The request can be mailed or faxed to the DAI Director at the address or facsimile number indicated below. Your request must be received by the DAI Director no later than thirty (30) calendar days following the date of this letter in order to be considered. The DAI Director's response will be the final decision and will be made within 30 days.

DAI Director
Department of Corrections
2729 Plaza Drive
Jefferson City, Missouri 65109
Fax Number: (573) 526-4254

Sincerely,

(Deputy Division Director)
Deputy Division Director
Division of Adult Institutions

**Attachment D**



Jeremiah W. (Jay) Nixon
Governor

2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099
TDD Available

George A. Lombardi
Director

## State of Missouri
## DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

(Date)


(Sender Name)
(Sender Address)

Dear (Sender):

The Censorship Committee has reviewed (correspondence, pictures or recorded material) sent to (offender name/DOC #) who is currently confined in (institution). The Committee has determined the content identified on the enclosed censorship notification form is prohibited from being delivered within the institution for the reason(s) indicated on the form. If you desire, you may request an independent review of the Committee's determination by Warden (warden). This request must be made in writing and mailed or faxed to Warden (warden) at the address or facsimile number indicated below. Your request must be received by Warden (warden) no later than thirty (30) calendar days following the date of this letter. Warden (warden)'s response will be the final decision.

(warden)
(institution)
(institutional address)
(fax number)

Sincerely,



(Highest Ranking Censorship Committee Member), (Title)
(Institution)

c:    Warden


**Attachment E**