IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BOBBIE Y. LANE d/b/a CAGED POTENTIAL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| GEORGE LOMBARDI, *et al.*, | )  Case No. 2:12-CV-04219-NKL ) |
| Defendants. | ) ) |

**ORDER**

Movants Christopher Donnelly, Christopher Wirth, Jonathan Rich, Edward Breivik, James Jahar Thule, and Adam Klebold (collectively, Movants) are former inmates held in custody by the Missouri Department of Corrections (MODOC). Movants have filed a Motion to Intervene pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b). [Doc. 43]. Movants' Motion to Intervene is DENIED.

Movants request intervention through either Federal Rule of Civil Procedure 24(a)(2) or 24(b). However, Movants fail to state the grounds for intervention and have failed to include a pleading that sets out the claim or defense for which intervention is sought as required by Rule 24(c). For this reason alone, the Motion should be denied.

Regardless of their failure to comply with Rule 24(c), Movants have not met the requirements of either Rule 24(a)(2) or 24(b). Rule 24(a)(2) compels the Court to permit intervention by anyone who:

> claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a

1

> practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Movants' assertion that they were former inmates of the MODOC is insufficient to establish that they have an interest in the subject matter of this case beyond class membership. They do not explain how disposal of this action will impair or impede their ability to protect their interests. To the extent that Movants mail materials to inmates in custody of the MODOC, they are members of the certified class, which is adequately represented by named Plaintiff Bobbie Lane. They do not argue that Lane does not adequately represent their interests. Therefore, Movants have not met the requirements of Rule 24(a)(2).

Under Rule 24(b)(1) the Court may permit anyone to intervene who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Movants have not cited any federal statute that gives them the conditional right to intervene under Rule 24(b)(1)(A). As to Rule 24(b)(1)(B), Movants state they "have a common vested interest in this case" and their intervention "provides questions of laws and facts that are common in this action." [Doc. 43, at p. 1]. However, Movants do not identify what the common vested interest is or what questions of law or fact are common. Further, pursuant to Rule 24(b)(3), intervention is inappropriate because it will unduly delay or prejudice the adjudication of the original parties' rights. The original parties in this case have worked diligently to settle, have drafted settlement documents, have amended current MODOC

policy to comply with the settlement, have sent notice to class members of settlement, and are preparing for a settlement fairness hearing scheduled for July 1, 2014.

Movants have failed to establish why they should be allowed to intervene under Rule 24, and accordingly, their Motion to Intervene is DENIED.

                                                s/ Nanette K. Laughrey
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated:  June 25, 2014
Jefferson City, Missouri