IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BOBBIE Y. LANE<br>    d/b/a CAGED POTENTIAL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    Case No. 12-4219-CV-C-NKL<br>) |
| GEORGE LOMBARDI, et al. | )<br>) |
| Defendants. | ) |

**ORDER**

Plaintiff Bobbie Lane filed this class action lawsuit pursuant to 42 U.S.C. § 1983 seeking to enjoin the censorship of books or other publications mailed to inmates held in the custody of the Missouri Department of Corrections (MODOC) without affording the sender notice of non-delivery and the opportunity to be heard. [Doc. 1]. In November 2012, the Court granted Lane's Motion to Certify Class. The Rule 23(b)(2) class is defined as:

> All current and future publishers, distributors, and authors of written materials, who mail books, publications, or other written materials to inmates incarcerated in prisons operated by MODOC.

[Doc. 22]. The Parties executed a Settlement Agreement, which requires the MODOC to provide notice to the sender of censored materials, an opportunity to be heard, and review by a prison official who did not originally withhold the material. While the original Complaint only sought these procedural safeguards for written material, the settlement extends beyond the Complaint to provide safeguards for recorded materials as well.

After notice to class members and a fairness hearing, the Parties seek approval of the settlement terms pursuant to the requirements in Federal Rule of Civil Procedure 23(e). After reviewing the Settlement Agreement, conducting two fairness hearings pursuant to Rule 23(e)(2), considering class member objections, and hearing argument from the Parties and objector *Prison Legal News*, the Court finds that the proposed Settlement Agreement is fair, reasonable, and adequate.

I.  Background

The Parties notified the Court of settlement in March 2014. The Court reviewed and approved class notice of the proposed settlement, and notice was published in the *St. Louis Dispatch*, the *Kansas City Star*, and *Prison Legal News*. [Doc. 37]. Class members were given ninety days to object to the proposed settlement. After the close of the objection period, a settlement fairness hearing occurred on July 1, 2014. [Doc. 61]. The Court considered the submissions of thirteen written objections. Counsel for one objector, *Prison Legal News*, appeared at the hearing to object on various grounds, discussed below.

Around the same time, the Parties brought to the Court's attention that they now believed inmates in the custody of the MODOC were also class members. Notice was not originally directed to inmates because the Parties believed that inmates were not allowed to send mail to other inmates and that therefore, they were not class members. Supplemental notice was provided to inmates in the custody of the MODOC by posting the settlement notice in the library of each MODOC facility. Additional time was given for inmates to file objections. [Doc. 65]. A second fairness hearing was held on

2

September 5, 2014, to address additional objections raised by inmates. [Doc. 70]. The Court considered the three additional written objections from incarcerated objectors. The Parties further addressed objections raised by *Prison Legal News*.

## II. Discussion

### A. Objections by Inmates in the Custody of the MODOC

Twelve written objections were filed by inmates in the custody of the Missouri Department of Corrections. Many of the objections have overlapping themes and will be addressed collectively. The first common objection was that inmates were not adequately provided notice of the settlement terms. *See e.g.*, [Docs. 40-42]. However, these objections were filed prior to the supplemental notice that was provided to inmates. Notice of the settlement was posted in each library within the MODOC, and inmates were provided additional time to object. Another common objection was that inmates do not receive mail or that mail is delivered in an untimely fashion. *See e.g.*, [Docs. 41-42, 45, 54, 68-69]. These objections are outside the scope of this lawsuit, which seeks to provide relief to the sender of material, not the receiver. A receiver's ability to pursue claims related to not receiving mail is not barred by the settlement of this case. The last common objection is that notice to senders of mail is not provided in a timely manner. This objection is discussed below because *Prison Legal News* raised the same objection.

### B. Objections by *Prison Legal News*

*Prison Legal News* raised four objections to the Parties' proposed Settlement Agreement. First, *Prison Legal News* argues that the Settlement Agreement fails to require proper and timely due process to class members. The MODOC's policy – which

3

was revised in accordance with the terms of the Parties' Settlement Agreement – provides notice to a sender after both a censorship committee and a majority of deputy division directors upholds an initial censorship decision made by mailroom personnel. *Prison Legal News* argues that censorship occurs at the moment mailroom personnel withhold mail for further review and that the sender is entitled to notice at the time of the initial withholding. In support of its argument, *Prison Legal News* points to *Procunier v. Martinez*, 416 U.S. 396 (1974). However, *Procunier* does not prescribe a timeline for notification to the sender, and *Prison Legal News* has pointed to no other case law requiring immediate notice to the sender when correspondence is withheld for further review and a final censorship decision. Further, this litigation and the settlement address the MODOC's failure to provide notice to the sender of censored materials. The timeliness of providing that notice is not the subject of this litigation, is not addressed in the settlement or in the MODOC's revised policy, and is therefore not precluded from later litigation.

Second, *Prison Legal News* argues that the forum selection clause in the Settlement Agreement – which requires that enforcement actions be pursued in the Circuit Court of Cole County, Missouri – renders the settlement effectively unenforceable because the attorney's fees normally recoverable to a prevailing party in federal court for the time spent on post-judgment enforcement and monitoring under 42 U.S.C. § 1988 would not be available for substantively similar actions in state court. [Doc. 57, at p. 9-10]; [Doc. 63, at p. 1]. However, "[a] class action settlement, like an agreement resolving any other legal claim, is a private contract negotiated between the parties," and a private

4

settlement is enforceable only through a new action for breach of contract. *Christina A. v. Bloomberg*, 315 F.3d 990, 992-93 (8th Cir. 2003) (citing *Moore's Fed. Prac*. § 23.82[1] (3d ed. 2000)). Any class member seeking to enforce this private settlement would have to bring a breach of contract action, which as *Prison Legal News* concedes, does not entitle that party to attorney's fees. As a result, even if this Court or some other federal court retained jurisdiction for the enforcement of this settlement, the party bringing the action would not be entitled to attorney's fees under § 1988. While Plaintiffs could have pursued a consent judgment in an effort to be classified as a "prevailing party" under § 1988, Plaintiffs stated that it is the State of Missouri's policy not to enter into consent judgments, so private settlement was the trade-off for achieving the purpose of the litigation without the further time and expense of litigating it to its conclusion. That a party may have to pursue a breach of contract action out-of-pocket is not a sufficient reason to deny this settlement.

Third, *Prison Legal News* contends that notice of settlement to class members was inadequate. *Prison Legal News* asserts that the class members are a global class and that notice in 15-20 metropolitan newspapers, on the Internet, and publisher trade journals is appropriate. However, Federal Rule of Civil Procedure 23(e)(1) requires that notice be directed "in a reasonable manner." Notice was provided by publication in two of Missouri's major newspapers, *The Kansas City Star* and *St. Louis Post-Dispatch*, in a case that involves people who send materials to Missouri inmates. Notice was also provided by posting in the library of all MODOC facilities and by publication in *Prison*

5

*Legal News*, which is a national publication. The Court finds this method of dissemination of notice to be a "reasonable manner" as required by Rule 23(e)(1).

Finally, *Prison Legal News* argues that the factors in *Grunin v. Int'l House of Pancakes*, 513 F.2d 114 (8th Cir. 1975), weigh against approving the settlement. "The district court must consider a number of factors in determining whether a settlement is fair, reasonable, and adequate: the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). *Prison Legal News* contends that there is very little chance Plaintiffs would not prevail in this case and that further litigation would not be complex. While Plaintiffs would very likely succeed in their claims given the legal precedent surrounding this issue, the Settlement Agreement gives Plaintiffs more benefits than they asked for, and full litigation of this case may risk loss of these additional benefits. The Parties and *Prison Legal News* agree that the MODOC's financial condition is irrelevant. Finally, the amount of opposition to this settlement is relatively low. Just over a dozen objections were filed – many of which were entirely irrelevant to the claims in this case or were resolved by providing supplemental notice to inmates in the custody of the MODOC.

After review of the terms of the Settlement Agreement and considering all objections and arguments, the Court finds that the Settlement Agreement proposed by the Parties is fair, reasonable, and adequate. The Court finds that the Settlement Agreement provides substantial benefits to the class members, protects the interests of the class

6

members, and that the interests of the class members would not be prejudiced by the proposed settlement and release.

## III. Conclusion

For the reasons set forth above, the proposed Settlement Agreement is approved. It is further ordered that pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs' claims are dismissed with prejudice.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  October 22, 2014  
Jefferson City, Missouri